DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TESLA, INC.** a/k/a
**TESLA FLORIDA, INC.,**
Petitioner,

v.

**EDGAR MONSERRATT**, as Personal Representative of the
**ESTATE OF EDGAR MONSERRATT MARTINEZ,**
Respondent.

No. 4D2023-2075

[January 3, 2024]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark Alan Speiser, Judge; L.T. Case No. CACE-19-000422.

Wendy F. Lumish and Alina Alonso Rodriguez of Bowman and Brooke LLP, Miami, for petitioner.

Bard D. Rockenbach and Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, and Scott P. Schlesinger, Jonathan R. Gdanski, and David Silverman of Schlesinger Law Offices, P.A., Fort Lauderdale, and Philip Harnett Corboy of Corboy & Demetrio, Chicago, Illinois, for respondent.

DAMOORGIAN, J.

Defendant Tesla, Inc. a/k/a Tesla Florida, Inc. ("Tesla") seeks certiorari review of an order compelling the deposition of its CEO, Elon Musk. For the reasons discussed below, we grant the petition and quash the order compelling deposition.

In 2018, eighteen-year-old Barrett Riley crashed his Tesla Model S while driving 116 mph. Barrett and one passenger, Edgar Monserratt Martinez, died as a result of the crash. Edgar's father, as the personal representative of his son's estate ("Plaintiff"), thereafter sued Tesla for negligence. The complaint alleged a Tesla service technician deactivated the 85-mph top speed limiting software previously enabled on the vehicle after Barrett complained he could not accelerate over 85 mph.

Following the crash and the ensuing media coverage, Mr. Musk called the driver's father, James Riley, to extend his condolences. According to Mr. Riley, during the approximately twenty-minute phone call, Mr. Musk "said something to the effect of, perhaps we should not have removed the limiter. We will have to review and revise our policies." Mr. Musk and Mr. Riley also exchanged a number of e-mails wherein Mr. Musk conveyed information learned in Tesla's initial investigation of the crash.

In December 2021, Plaintiff sought to take Mr. Musk's deposition regarding the phone conversation. Tesla responded that Mr. Musk was entitled to protection under Florida Rule of Civil Procedure 1.280(c) and (h). Tesla also filed Mr. Musk's declaration in which he described his executive role at Tesla and other companies and stated that it would place a substantial burden and hardship on him if he were to be deposed. Mr. Musk also stated under penalty of perjury that he had no independent recollection of the phone call beyond what was in the e-mail communications and his extension of condolences. Tesla also produced all of the e-mail correspondence between Mr. Musk and Mr. Riley. The original presiding judge ultimately granted Tesla's motion for protective order, finding the call was a sympathy call and that Mr. Musk did not possess unique, personal knowledge.

After the case was administratively transferred to a different judge, Plaintiff again sought to depose Mr. Musk. In lieu of the deposition, Tesla agreed to have Mr. Musk directly respond to requests for admissions and interrogatories about the phone conversation. In his subsequent answers to the requests for admissions and interrogatories, Mr. Musk reiterated that, beyond extending his condolences to the family, he did not recall discussing the matters claimed by Mr. Riley. After receiving the under-oath answers, Plaintiff again sought to compel the deposition of Mr. Musk regarding the phone conversation. The trial court granted the motion, reasoning "apparently there allegedly is a dispute as to what was said by Mr. Musk via-à-vis his conversation with Mr. Riley."

"A party seeking certiorari review of a non-final order must demonstrate '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on postjudgment appeal.'" *DecisionHR USA, Inc. v. Mills*, 341 So. 3d 448, 452 (Fla. 2d DCA 2022) (alteration in original) (citation omitted). "The last two elements are jurisdictional and must be analyzed before the first element." *Id.* (citation omitted).

We have jurisdiction to review the order compelling the deposition of Tesla's apex officer. *See Karisma Hotels & Resorts Corp. v. Hoffmann*, 346 So. 3d 59, 59 (Fla. 4th DCA 2022) (conducting plenary certiorari review of an order compelling the deposition of a corporate officer); *DecisionHR USA, Inc.*, 341 So. 3d at 452–57 (finding that an order requiring the deposition of a CEO or government official satisfies the jurisdictional requirements for a petition for a writ of certiorari because an erroneously entered order would result in material injury for the remainder of the trial that cannot be corrected on postjudgment appeal). We therefore address the merits of the petition—whether the trial court departed from the essential requirements of the law when it granted Plaintiff's motion to compel the deposition of Mr. Musk.

In 2021, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.280(h) to expressly adopt the apex doctrine in the corporate context. *In re Amend. to Fla. Rule of Civ. Proc. 1.280*, 324 So. 3d 459, 461 (Fla. 2021). Rule 1.280(h) provides:

> A current or former high-level government or corporate officer may seek an order preventing the officer from being subject to a deposition. The motion, whether by a party or by the person of whom the deposition is sought, must be accompanied by an affidavit or declaration of the officer explaining that the officer lacks unique, personal knowledge of the issues being litigated. If the officer meets this burden of production, the court shall issue an order preventing the deposition, unless the party seeking the deposition demonstrates that it has exhausted other discovery, that such discovery is inadequate, and that the officer has unique, personal knowledge of discoverable information. The court may vacate or modify the order if, after additional discovery, the party seeking the deposition can meet its burden of persuasion under this rule. The burden to persuade the court that the officer is high-level for purposes of this rule lies with the person or party opposing the deposition.

Fla. R. Civ. P. 1.280(h). This rule became effective on August 26, 2021, and "it applies in pending cases," including the instant case. *In re Amend. to Fla. Rule of Civ. Proc. 1.280*, 324 So. 3d at 463; *see also DecisionHR USA, Inc.*, 341 So. 3d at 453–54 (concluding "that once the supreme court codified the apex doctrine in rule 1.280(h), the doctrine became a clearly established principle of law" for purposes of determining whether a court has departed from the essential requirements of the law).

Accordingly, in determining whether the trial court departed from the essential requirements of the law in granting the motion to compel deposition, the first inquiry is whether Tesla met its two-fold burden of (1) demonstrating that Mr. Musk met the high-level officer requirement, and (2) producing an affidavit or declaration explaining Mr. Musk's lack of unique, personal knowledge of the issues being litigated. *See In re Amend. to Fla. Rule of Civ. Proc. 1.280*, 324 So. 3d at 463. There does not appear to be any dispute in this case that Mr. Musk is a high-level corporate officer, or that Tesla produced a sufficient declaration.

Once Tesla established that Mr. Musk is a high-level officer and produced the declaration, the trial court was required to issue a protective order unless Plaintiff demonstrated that he had exhausted other discovery, that such discovery was inadequate, and that Mr. Musk had unique, personal knowledge of discoverable information. *See* Fla. R. Civ. P. 1.280(h); *see also DecisionHR USA, Inc.*, 341 So. 3d at 457 ("This provision of the rule is written in the conjunctive, so all three factors must be demonstrated."). As Tesla correctly argues, Plaintiff has not shown that the existing discovery is inadequate or that Mr. Musk has unique, personal knowledge of discoverable information. The only arguably unique, personal knowledge Mr. Musk may have is whether or not he remembers the phone conversation. Mr. Musk, however, has already twice provided sworn testimony attesting that he does not recall making any statements during the phone call regarding the speed limiter. Under these circumstances, requiring Mr. Musk to sit for a deposition would serve no purpose other than to harass and burden Tesla and disrupt Mr. Musk's ability to meet his obligations to consumers, stockholders, Tesla's employees, and other activities integral to his position as CEO. *See In re Amend. to Fla. Rule of Civ. Proc. 1.280*, 324 So. 3d at 460 ("Preventing harassment and unduly burdensome discovery has always been at the heart of [the apex] doctrine in our state.").

Accordingly, we conclude the trial court departed from the essential requirements of the law by compelling the deposition of Mr. Musk, grant Tesla's petition, and quash the order compelling deposition.

*Petition granted; order quashed.*

LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4